UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRANDA PEEBLES and JOSHUA BERGER, Individually and on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JRK PROPERTY HOLDINGS, INC., STEVENS POND APARTMENTS PROPERTY OWNER, LLC, and ONE WEBSTER APARTMENTS PROPERTY OWNER, LLC, <br><br> Defendants. | Civil Action No. _____ <br><br> Suffolk Superior Court Civil Action No. 1984-cv-03714 (BLS1) |

**NOTICE OF REMOVAL FROM STATE COURT**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants JRK Property Holdings, Inc., Stevens Pond Apartments Property Owner, LLC, and One Webster Apartments Property Owner, LLC (collectively, "Defendants"), hereby remove Civil Action No. 1984-cv-03714 (BLS1) from the Superior Court Department for Suffolk County, Massachusetts, to the United States District Court for the District of Massachusetts.  As grounds therefore, Defendants state as follows:[1]

**I.    BACKGROUND**

1.    On or about November 13, 2019, Plaintiffs Branda Peebles and Joshua Berger ("Plaintiffs") commenced a putative class action, entitled *Branda Peebles, et al. v. JRK Property Holdings, Inc., et al.*, Civil Action No. 1984-cv-03714 (BLS1) (the "Complaint"), in Suffolk

---

[1] In removing this Action, Defendants do not concede that any of the allegations in the Complaint are properly raised or have any merit whatsoever.  Defendants further reserve the right to amend or supplement this Notice of Removal.

1

Superior Court.  A true and accurate copy of the Complaint is attached as **Exhibit 1**.  A true and accurate copy of Defendants' Answer and Affirmative Defenses to the Complaint is attached as **Exhibit 2** (the "Answer").

2. Pursuant to 28 U.S.C § 1446, a true and correct copy of the state court docket is attached as **Exhibit 3**.  True and correct copies of additional state court docket materials are attached as **Exhibit 4**.  These Exhibits include all process, pleadings, motions, and orders filed in this case.

3. The Complaint alleges that the inclusion of a "Move Out Cleaning & Replacement Charges" addendum (the "Addendum") in tenant leases at properties owned and/or managed by Defendants in Massachusetts violates the state security deposit statute (G.L. c. 186, § 15B) as well as Chapter 93A, because the Addendum purports to require tenants to have their apartments professionally cleaned prior to move out, and because it purports to set forth charges that Plaintiffs claim would constitute charges for reasonable wear and tear on a unit. *See generally*, Ex. 1.

4. The parties have engaged in and completed discovery in the Superior Court—including written discovery and depositions.

5. On February 27, 2023, after the close of discovery, Plaintiffs served on Defendants a motion for class certification and memorandum in support, pursuant to Massachusetts Superior Court Rule 9A.  True and accurate copies of Plaintiffs' motion for class certification and memorandum in support are attached as **Exhibit 5** and **Exhibit 6**, respectively.

6. In this memorandum, Plaintiffs indicate for the first time that they are seeking damages in the amount of "three times the *entire* security deposit, plus 5% (five percent) interest from the date of the violation as well as attorney's fees and costs." Ex. 6 at 2 (emphasis in

original). Plaintiffs reiterate this demand later in the memorandum: "[T]he Security Deposit Statute mandates that the remedy for the tenant is damages in the amount of three times the *entire* security deposit, plus 5% (five percent) interest from the date of the violation as well as attorney's fees and costs . . . ." *Id*. at 7 (emphasis in original).[2]

7.  Plaintiffs further assert that "JRK leases over 1,000 (one thousand) units to residents of the Commonwealth across its six residential apartment complexes," and that "given JRK's turnover rates, JRK entered into approximately 3,000 (three thousand) lease agreements with Massachusetts residents over the relevant time period for the instant action." Ex. 6 at 3-4, 8-9 (including Ex. B thereto). Plaintiffs assert that Plaintiff Peebles provided a $500 security deposit at the start of her tenancy with JRK, and Plaintiff Berger provided a $1,000 security deposit at the start of his tenancy with JRK. *Id*. at 4-5.

8.  Plaintiffs' class certification motion makes reference to a "time period," but does not specify what that time period is. *See*, *e.g.*, Ex. 6 at 2. Plaintiffs' Complaint, however, alleges a time period from "November 13, 2013, up until present." Ex. 1, Prayer for Relief at 11.

## II.  GROUNDS FOR REMOVAL

5.  28 U.S.C. § 1441(a) establishes when an action commenced in state court is removable, providing in relevant part that:

> any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

6.  This Court's subject matter jurisdiction is grounded upon diversity of citizenship. *See* 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA").

---

[2] In a written demand sent to Defendants just five days before serving the motion for class certification, Plaintiffs sought 35% in attorneys' fees.

7. CAFA provides for federal subject matter jurisdiction over any class action in which the aggregate number of putative class members in all proposed plaintiff classes is at least 100, the matter in controversy exceeds the sum or value of $5,000,000, and any member of a class of plaintiffs is a citizen of a different state from any defendant. *Id*. §§ 1332(d)(2) and (5).

    **A.**    **The number of putative class members is at least 100.**

8. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id*. § 1332(d)(1)(B). CAFA also requires that "the number of members of all proposed plaintiff classes in the aggregate" be 100 or greater. *Id*. § 1332(d)(5)(B).

9. Defendants deny that Plaintiffs have properly identified a viable class, or that Plaintiffs are necessarily adequate representatives of their putative class. Nevertheless, it is undisputed that Defendants own or manage over 1,000 residential units in Massachusetts, and Plaintiffs allege that based on the turnover rates provided by Defendants, there were over 3,000 tenants across these units during the relevant time period. Ex. 6 at 3-4.

10. Thus, based on Plaintiffs' allegations, the number of class members is at minimum 1,000. *See* Ex. 6 at 3-4, 12 ("As set out above, the putative class for all JRK buildings is approximately 3,000+ members. Indeed, the class of Stevens Pond and One Webster tenants JRK has already admitted to via the Stipulation is approximately 1,000+ members on its own."). Thus, CAFA's requirement of 100 class members is readily met.

    **B.**    **The amount in controversy exceeds $5,000,000.**

11. In order to support removal, CAFA requires that the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

12. "In calculating the amount in controversy, a federal court must examine relevant state law to determine the nature and extent of the damages which may be awarded." *Lucas v. Ultimate Framingham LLC*, 973 F. Supp. 2d 98, 101 (D. Mass. 2013). "Importantly, '[w]hen a plaintiff makes a claim under a statute including a damages multiplier, a court must apply that factor in evaluating the amount in controversy,'" and a court must further "take into account attorneys' fees where … the award of those fees is statutorily authorized." *Id.* (quoting *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 222 (D.N.H. 2004)). A plaintiff's likelihood of success on the merits of its claims is irrelevant, as are the merits of any valid defense suggested on the face of the complaint, because "the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 293 n.6 (D. Mass. 2009) (citation omitted) (emphasis in original); *see also Evans*, 326 F. Supp. 2d at 221.

13. Defendants deny that Plaintiffs will be able to establish any injury or entitlement to any damages. Defendants also deny that Plaintiffs will be able to establish their entitlement to multiple damages or attorneys' fees. *See*, *e.g.*, Ex. 6 at 2. As the First Circuit has made clear, however, "the pertinent question" for removal purposes "is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Amoche v. Guarantee Trust Life Ins.*, 556 F.3d 41, 51 (1st Cir. 2009) (emphasis in original).

14. As discussed above, Plaintiffs' recently filed class certification memorandum demands "damages in the amount of three times the *entire* security deposit" for "approximately 3,000 (three thousand) lease agreements with Massachusetts residents over the relevant time period." Ex. 6 at 4, 7 (emphasis in original).

15. If one uses an average security deposit of $500 (for Plaintiff Peebles), which is on the lower end of security deposits held by Defendants, the amount in controversy based on Plaintiffs' recent class allegations is as follows: $500 x 3 (trebling) x 3,000 (# of tenants in class) = $4,500,000. Notably, based on a written demand sent to Defendants just five days before serving the motion for class certification, the total amount demanded across all six JRK properties in Massachusetts is *more* than this amount.

16. If one uses an average security deposit of $1,000 (for Plaintiff Berger), the amount in controversy based on Plaintiffs' recent class allegations is as follows: $1,000 x 3 (trebling) x 3,000 (# of tenants in class) = $9,000,000.

17. If one uses a blend of the two security deposit amounts that Plaintiffs demand be returned, the amount in controversy based on Plaintiffs' recent class allegations is as follows: $750 x 3 (trebling) x 3,000 (# of tenants in class) = $6,750,000.

18. Plaintiffs also seek an award of attorneys' fees pursuant to G.L. c. 93A, § 9(4). *See* Ex. 1, Prayer for Relief at 12. These claimed attorneys' fees further push the amount in controversy above the CAFA jurisdictional limit. *See*, *e.g.*, *Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001) (holding that attorneys' fees may be included in the amount-in-controversy determination when a statute, like Chapter 93A, "mandates or allows payment of the fees"); *accord Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp. 2d 230, 238 (D. Mass. 2010).

**C.  Minimal diversity exists.**

19. Under CAFA, minimal diversity exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

20. Plaintiffs allege that they reside in Massachusetts. *See* Ex. 1 ¶¶ 1-2.

21. For diversity purposes, a person is a "citizen" of the state in which s/he is domiciled, and residence is prima facie evidence of domicile.

22. Defendant JRK Property Holdings, Inc. is a corporation organized under the laws of California, with its principal place of business in Los Angeles, California. *See* Ex. 1 ¶ 4 & Ex. A; Ex. 2 ¶ 4. Accordingly, for CAFA removal purposes, it is a citizen of the state of California. *See* 28 U.S.C. §§ 1332(c), (d)(10).[3]

23. Defendant Stevens Pond Apartments Property Owner, LLC is a Delaware limited liability company with its principal place of business in Los Angeles, California. *See* Ex. 1 ¶ 5 & Ex. B; Ex. 2 ¶ 5. Accordingly, for CAFA removal purposes, it is a citizen of the states of Delaware and California. *See* 28 U.S.C. §§ 1332(c), (d)(10).

24. Defendant One Webster Apartments Property Owner LLC is a Delaware limited liability company with its principal place of business in Los Angeles, California. *See* Ex. 1 ¶ 6 & Ex. C; Ex. 2 ¶ 6. Accordingly, for CAFA removal purposes, it is a citizen of the states of Delaware and California. *See* 28 U.S.C. §§ 1332(c), (d)(10).

25. Because at least one plaintiff in this putative class action is a citizen of a state different from at least one defendant, diversity of citizenship exists under 28 U.S.C. § 1332(d)(2)(A).

**D.  Removal is timely and all procedures for removal have been followed.**

26. 28 U.S.C. § 1446(b)(3) supplies the framework for removal of actions that only become removable based on pleadings or papers served later in the case:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

---

[3] *See also Irabor v. Lufthansa Airlines*, 427 F. Supp. 3d 222, 229 n.2 (D. Mass. 2019) (rejecting argument that a defendant corporation is a citizen of Massachusetts simply because it has a registered office in the Commonwealth via CT Corporation System).

27. Plaintiffs' February 27, 2023 motion for class certification is a "motion" within the meaning of the removal statute, Plaintiffs' memorandum in support of that motion is an "other paper," and both demand damages that had not previously been demanded by Plaintiffs. Thus, they are papers "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

28. Under CAFA, there is no time limit from the filing of the complaint as to when a class action may "become removable." *See* 28 U.S.C. § 1453(b) (expressly eliminating, for class actions, the 1-year limitation on removal under § 1446(c)(1)); *see also Amoche*, 556 F.3d at 53 (affirming that "class actions under CAFA are exempt from the removal statute's one-year time limit"). Defendants' counsel were served with the motion for class certification on February 27, 2023. This Notice of Removal has been filed within thirty days of receipt of Plaintiffs' motion for class certification and supporting memorandum, and thus is timely under 28 U.S.C. § 1446(b)(3).

29. Venue is proper because this is the district court of the United States for the district and division within which the action is pending.

30. All adverse parties to this action have been provided with written notice of the filing of this removal pursuant to 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of Service.

31. Also pursuant to 28 U.S.C. § 1446(b), Defendants will cause to be filed with the Superior Court Department for Suffolk County a copy of this Notice of Removal promptly after filing in this Court along with a Notice of Filing of Notice of Removal in the form attached as **Exhibit 7**.

Respectfully submitted,

JRK PROPERTY HOLDINGS, INC.,
STEVENS POND APARTMENTS
PROPERTY OWNER, LLC, and ONE
WEBSTER APARTMENTS PROPERTY
OWNER, LLC,

By their attorneys,

*/s/ Thomas H. Wintner*
Thomas H. Wintner (BBO # 667329)
Mathilda S. McGee-Tubb (BBO # 687434)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
617.542.6000 (telephone)
617.542.2241 (fax)
twintner@mintz.com
msmcgee-tubb@mintz.com

Dated: March 9, 2023

## CERTIFICATE OF SERVICE

    I certify that the above Notice of Removal and all associated papers were filed electronically using the CM/ECF system on March 9, 2023 and that on the same date copies were served on counsel for the plaintiffs by first-class mail and email.

                                                    */s/ Thomas H. Wintner*
                                                    Thomas H. Wintner