# Exhibit 2

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                         SUPERIOR COURT
                                                                     BUS. LIT. SESSION NO. 1

| | |
|---|---|
| BRANDA PEEBLES and JOSHUA BERGER, Individually and on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JRK PROPERTY HOLDINGS, INC., STEVENS POND APARTMENTS PROPERTY OWNER, LLC, and ONE WEBSTER APARTMENTS PROPERTY OWNER, LLC, <br><br> Defendants. | Civil Action No. 1984-cv-03714 |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS JRK PROPERTY HOLDINGS, INC., STEVENS POND APARTMENTS PROPERTY OWNER, LLC, AND ONE WEBSTER APARTMENTS PROPERTY OWNER, LLC, TO CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

In the above-captioned action, Defendants JRK Property Holdings, Inc. ("JRK"), Stevens Pond Apartments Property Owner, LLC ("Stevens Pond"), and One Webster Apartments Property Owner, LLC ("One Webster") (collectively, "Defendants"), hereby answer the allegations set forth in the correspondingly numbered paragraphs of the Class Action Complaint and Demand for Jury Trial of Plaintiffs Branda Peebles and Joshua Berger, dated November 13, 2019 (the "Complaint").

The first two, unnumbered paragraphs of the Complaint set forth summary allegations to which no response is required. To the extent a response is required, these allegations are denied.

1

## THE PARTIES

1. Defendants are without knowledge as to where Ms. Peebles presently resides, and therefore deny this allegation.

2. Defendants are without knowledge as to where Mr. Berger presently resides, and therefore deny this allegation.

3. The allegation in this paragraph is incomprehensible because it is not a complete sentence. Otherwise, denied.

4. Defendants admit that Defendant JRK is a foreign corporation organized under the laws of California, and that it has a principal place of business located at 11766 Wilshire Boulevard, Los Angeles, California 99025. Otherwise, denied.

5. Admitted.

6. Admitted.

## JURISDICTION AND VENUE

7. The allegation in this paragraph states a legal conclusion to which no response is required. Otherwise, denied.

8. The allegation in this paragraph states a legal conclusion to which no response is required. Otherwise, denied.

## FACTS

9. Defendants admit only that the six residential apartment complexes listed in paragraph 9 are residential apartment complexes in the Commonwealth of Massachusetts. Otherwise, denied.

10. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

11. Denied.

12. Admitted.

13. Admitted.

14. Defendants admit only that there was an addendum attached to the Peebles Lease entitled "Move Out Cleaning & Replacement Charges," a copy of which appears to be attached as Exhibit E to the Complaint. Otherwise, denied.

15. The Addendum is a document that speaks for itself. Otherwise, denied.

16. The Addendum is a document that speaks for itself. Otherwise, denied.

17. Defendants admit only that the Addendum has been used in connection with the leases of other tenants in Massachusetts. Otherwise, denied.

18. Admitted.

19. Defendants admit only that a document entitled "Statement of Security Deposit" was sent to Ms. Peebles on August 23, 2018. Otherwise, denied.

20. The Statement of Security Deposit is a document that speaks for itself. Otherwise, denied.

21. The Statement of Security Deposit is a document that speaks for itself. Otherwise, denied.

22. Denied.

23. Admitted.

24. Admitted.

25. The Addendum is a document that speaks for itself. Otherwise, denied.

26. The Addendum is a document that speaks for itself. Otherwise, denied.

27. Denied.

28. Defendants admit only that Ms. Peebles, through counsel, sent a demand letter to Defendants dated August 1, 2019. Otherwise, denied.

## CLAIMS

### COUNT I
### Violation of G.L. c. 186, § 15B(4)(iii)

29. Defendants incorporate by reference, as if fully set forth herein, their answers to the preceding paragraphs.

30. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

31. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

32. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

33. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

34. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

35. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

## COUNT II
### Violation of G.L. c. 186, § 15B(6)(e)

36. Defendants incorporate by reference, as if fully set forth herein, their answers to the preceding paragraphs.

37. Defendants admit only that Paragraph 37 tracks the language of a portion of M.G.L. c. 186, § 15B(6)(e). Otherwise, denied.

38. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

39. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

40. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

41. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

42. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

## COUNT III
### Violation of G.L. c. 186, § 15B(7)

43. Defendants incorporate by reference, as if fully set forth herein, their answers to the preceding paragraphs.

44. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

45. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

46. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

47. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

## COUNT IV
## Violation of G.L. c. 186, § 15B(6)(c)

48. Defendants incorporate by reference, as if fully set forth herein, their answers to the preceding paragraphs.

49. Defendants admit only that Paragraph 49 tracks the language of a portion of M.G.L. c. 186, § 15B(6)(c). Otherwise, denied.

50. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

51. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

52. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

53. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

54. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

## COUNT V
## Violation of G.L. c. 93A

55. Defendants incorporate by reference, as if fully set forth herein, their answers to the preceding paragraphs.

56. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

57. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

58. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

59. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

60. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

61. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

62. The allegations in this paragraph state legal conclusions to which no response is required. Otherwise, denied.

63. Defendants admit only that the Ms. Peebles, through counsel, sent a demand letter to Defendants dated August 1, 2019. Otherwise, denied.

64. Denied.

65. Denied.

### REQUEST FOR RELIEF AND JURY DEMAND

Defendants deny that Plaintiffs are entitled to any of the relief requested on pages 11-12 of the Complaint and pray for an entry of judgment in their favor and against Plaintiffs, together with an award of attorney's fees and costs.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiffs have failed to state a claim upon which relief can be granted.

#### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, unclean hands, estoppel and/or waiver.

#### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because plaintiffs failed to mitigate their damages.

#### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the consent and voluntary payment of plaintiffs.

#### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

#### Sixth Affirmative Defense

Plaintiffs' recovery of damages, if any, is limited by the applicable statutory ceilings on damages.

### Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack standing.

### Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Defendants acted in good faith and conformed with all applicable laws.

### Ninth Affirmative Defense

Plaintiffs' claims have been brought in an improper venue.

### Tenth Affirmative Defense

Plaintiffs have named an incorrect defendant or defendants.

### Eleventh Affirmative Defense

No class has been defined or alleged.

### Twelfth Affirmative Defense

No class has been certified, and thus Defendants reserve the right to assert any such other affirmative defenses as may become available if a class is certified.

### Thirteenth Affirmative Defense

Defendants reserve the right to assert such other affirmative defenses as may become known during the course of discovery.

### **JURY DEMAND**

Defendants hereby demand a trial by jury on all issues so triable pursuant to Rule 38 of the Massachusetts Rules of Civil Procedure.

Respectfully submitted,

JRK PROPERTY HOLDINGS, INC.,
STEVENS POND APARTMENTS
PROPERTY OWNER, LLC, and ONE
WEBSTER APARTMENTS PROPERTY
OWNER, LLC,

By their attorneys,

_____
Thomas H. Wintner (BBO # 667329)
Mathilda S. McGee-Tubb (BBO # 687434)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
617.542.6000 (telephone)
617.542.2241 (fax)
twintner@mintz.com
msmcgee-tubb@mintz.com

Dated: February 28, 2020

## CERTIFICATE OF SERVICE

I, Thomas H. Wintner, attorney for the Defendants, hereby certify that a true and correct copy of the above document was served upon the attorney of record for each party by first-class mail and by e-mail on February 28, 2020.

_____
Thomas H. Wintner

96197652