```
                    United States District Court
                      District of Massachusetts
```

| | |
|---|---|
| Branda Peebles, et. al, ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 23-10523-NMG |
| JRK Property Holdings, Inc., et. al., ) ) ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This putative class action arises out of alleged violations of the Massachusetts Security Deposit Statute, M.G.L. c. 186, § 15B, et seq., and the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

Plaintiffs Branda Peebles ("Peebles") and Joshua Berger ("Berger") (collectively, "plaintiffs") claim that JRK Property Holdings, Inc. and its affiliated companies (collectively, "defendants") utilized an unlawful lease provision in their residential leases and those of other similarly situated individuals, causing them to incur costs for which they are not responsible under Massachusetts law.

Pending before this Court is plaintiffs' motion to remand the case to state court. For the reasons that follow, the motion will be denied.

- 1 -

### I. Background

Plaintiffs allege that, between August, 2017, and July, 2018, Peebles and Berger entered into separate one-year residential lease agreements at properties managed and/or owned by defendants. Both leases purportedly contained addendums requiring residents to have their apartments professionally cleaned at the end of their occupancies. The addendums listed various possible charges for what plaintiffs contend are "normal wear and tear," including "carpet clean," "touch-up paint" and "apartment clean." Peebles alleges that $115 was deducted from her $500 security deposit for "Touch-Up Paint" and "Carpet clean per Lease." Berger alleges that defendants failed to return his $1,000 security deposit within 30 days as required under Massachusetts law.

In November, 2019, plaintiffs filed their complaint in Massachusetts Superior Court for Suffolk County, on behalf of themselves and others similarly situated, alleging violations of the Massachusetts Security Deposit Statute, M.G.L. c. 186, § 15B, et seq., and the Massachusetts Consumer Protection Act, M.G.L. c. 93A, based on the allegedly unlawful lease provisions and retention of security deposits. In March, 2023, defendants removed the action to this Court on diversity grounds pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Asserting that the removal was untimely, plaintiffs now move to remand.

**II. <u>Motion to Remand</u>**

    **A. Legal Framework**

The Class Action Fairness Act ("CAFA") confers the federal district courts with jurisdiction over any civil action in which 1) any member of a plaintiff class is a citizen of a different state than any defendant, 2) the amount in controversy exceeds $5,000,000 and 3) the class is comprised of 100 or more members. 28 U.S.C. § 1332(d).

Section 1446(b) of Title 28, which applies to class actions pursuant to 28 U.S.C. § 1453(b), sets forth two 30-day windows within which a defendant may remove a class action that satisfies the CAFA requirements. If a case is removable based on the initial pleading, a defendant must seek removal within 30 days of receiving the initial pleading. <u>See</u> 28 U.S.C. § 1446(b)(1). Under Section 1446(b)(3), if the case as alleged in the initial pleading is not removable, a defendant must remove the case within 30 days of receiving

> [an] amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

The First Circuit Court of Appeals has held that, when removability is unclear from the initial pleading, Section 1446(b)(3) requires courts to look to the "plaintiff's subsequent papers." <u>Romulus</u> v. <u>CVS Pharmacy, Inc.</u>, 770 F.3d 67,

74 (1st Cir. 2014). If a plaintiff's subsequent "paper" (which this Court interprets to mean "pleading") includes either a clear statement of damages sought or provides sufficient facts for defendant to ascertain the amount in controversy by "simple calculation", filing of the plaintiff's pleading will trigger the 30-day deadline set forth in Section 1446(b)(3). Id. at 75. A defendant has no duty to investigate or supply facts outside of those provided by the plaintiff. Id.

### B. Application

#### 1. Damages Sought in the Complaint

Plaintiffs assert that defendants' removal is untimely because defendants could have extrapolated from the complaint that plaintiffs' claims exceeded $5,000,000 through simple calculation no later than defendants' filing of a June 17, 2021, stipulation. That stipulation provided turnover rates for the properties in question during the relevant time period. Plaintiffs contend that the turnover rate information in the stipulation should have enabled defendants (1) to calculate the number of tenants in the class and (2) when combined with information regarding the value of the security deposits contained in the complaint, to determine that the amount-in-controversy exceeds $5,000,000.

Defendants respond that the qualifying amount-in-controversy was not ascertainable until plaintiffs filed their

motion for class certification and accompanying memorandum in February, 2023. The complaint, as the defendants construe it, only sought trebling of the "portions" of security deposits "retained" by defendants, whereas the motion for class certification seeks return of the "entirety" of the security deposit of each class member, regardless of the amount retained, trebled. Defendants assert that consequently removal on March 9, 2023, was timely.

Defendants' argument is persuasive. Plaintiffs' complaint requests, in relevant part,

> [t]hat JRK be ordered to return the entirety of the security deposit monies and interest accrued thereon it has taken from any tenant at any of the above-listed properties dating back to November 13, 2013, up until present. . . [and] [t]hat JRK be ordered to return treble the amount of unlawfully withheld security deposit monies and interest accrued thereon it has retained from any tenant at any of the above listed properties dating back to November 13, 2013, up until present.

(Emphases added).

"Return" is defined as "to go back or revert to a previous owner," while "retain" means "to keep in custody or under control." See Oxford English Dictionary, https://www.oed.com. The plain meaning of the requests for relief reveals that plaintiffs sought only return of portions of their security deposit monies, not the entirety. The first request for relief qualifies the "return" of security deposits as the amount "taken" from any tenant, not the amount originally paid by any

- 5 -

tenant. Similarly, in the second request for relief, plaintiffs sought return of the security deposits "retained" by defendants, i.e., those amounts that remained within defendants' "custody or [] control." Defendant cannot retain what it never had nor return what it no longer possesses.

Plaintiffs' requests for relief in the complaint stand in sharp contrast to the relief sought in their motion for class certification:

> damages in the amount of three times the <u>entire security deposit</u>, plus 5% (five percent) interest from the date of the violation as well as attorney's fees and costs for JRK's violation. . .

(Emphasis added).

Plaintiffs' motion for class certification filed on February 27, 2023, unequivocally seeks the entirety of plaintiffs' security deposits for the first time. It enabled defendants to ascertain by simple calculation that plaintiffs sought damages in excess of $5,000,000. Accordingly, defendants' removal of this case on March 9, 2023, was timely and proper under 28 U.S.C. § 1446(b)(3).

### 2.   Defendants' June 17, 2021 Stipulation

Plaintiffs contend that defendants' stipulation on June 17, 2021, which provided tenant turnover rate information, allowed them to ascertain the magnitude of plaintiffs' claim, and therefore triggered the 30-day limitation period for removal

- 6 -

under 28 U.S.C. § 1446(b)(3). In Romulus, the First Circuit Court of Appeals held that only a plaintiff's subsequent pleading would trigger the 30-day removability deadline in Section 1446(b)(3). Romulus 770 F.3d at 75.

The stipulation at issue is not the plaintiffs' pleading. Thus, even accepting plaintiffs' interpretation of their own complaint, the June 17, 2021 stipulation did not trigger the 30-day removability period. Id.

Plaintiffs' motion for class certification filed on February 27, 2023, was the first pleading in which Plaintiffs provided information necessary to begin the 30-day removal clock under § 1446(b)(3). Removal was therefore timely and proper under that statutory provision.

### ORDER

For the foregoing reasons, the motion of plaintiffs, Branda Peebles and Joshua Berger, to remand (Docket No. 10) is **DENIED**.

**So ordered.**

    /s/ Nathaniel M. Gorton
    Nathaniel M. Gorton
    United States District Judge

Dated: December 13, 2023