# EXHIBIT I

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                              SUPERIOR COURT
                                                          BUS. LIT. SESSION
                                                          CIVIL ACTION NO.
                                                          19-3714

BRANDA PEEBLES and JOSHUA        )
BERGER, Individually, and on BEHALF )
OF ALL OTHERS                    )
SIMILARLY SITUATED,              )
    Plaintiffs,                  )
                                 )
vs.                              )
                                 )
JRK PROPERTY HOLDINGS, INC.,     )
STEVENS POND APARTMENTS          )
PROPERTY OWNER, LLC, and ONE     )
WEBSTER APARTMENTS               )
PROPERTY OWNER, LLC,             )
    Defendants.                  )
                                 )

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
FILED
NOV 25 2019
MICHAEL JOSEPH DONOVAN
CLERK OF COURT

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

This action involves the Defendant's systemic use of an unlawful lease provision in order to force its tenants to incur costs for remedying "reasonable wear and tear" for which the tenants are not responsible under the law. In addition to the unlawful lease provisions, the Defendant systemically and unlawfully retains the security deposit monies or portions thereof of its tenants in order to remedy "reasonable wear and tear" in violation of Massachusetts law. Such practices are in violation of the Massachusetts Security Deposit Statute, G.L. c. 186, § 15B, *et seq.*, and the Massachusetts Consumer Protection Statute, G.L. c. 93A.

The Defendant's violations of law have occurred on a class-wide basis and the instant action seeks relief for the named Plaintiff as well as the putative class of Similarly Situated

Individuals who have suffered the same injury as a result of the Defendant's conduct as further described herein and who are entitled to relief pursuant to G. L. c. 93A, § 9(2).

## PARTIES

1. Plaintiff Branda Peebles ("Ms. Peebles") is a natural person residing in Lawrence, Essex County, Massachusetts.

2. Plaintiff Joshua Berger ("Mr. Berger") is a natural person residing at Weymouth, Norfolk County, Massachusetts.

3. Ms. Peebles and Mr. Berger on behalf of All Others Similarly Situated, who are those putative class individuals who have suffered a similar injury as Ms. Peebles and Mr. Berger as a result of the Defendant's unlawful conduct pursuant to G. L. c. 93A, § 9(2)(together with Ms. Peebles and Mr. Berger the "Plaintiffs").

4. Defendant JRK Property Holdings, Inc. ("JRK"), is a foreign corporation organized under the laws of California and registered to do business in the Commonwealth of Massachusetts with a principal place of business located at 11766 Wilshire Boulevard, Los Angeles, California 90025. See Business Entity Summary attached hereto as **Exhibit A**.

5. Defendant Stevens Pond Apartments Property Owner, LLC, is a foreign corporation organized under the laws of Delaware and registered to do business in the Commonwealth of Massachusetts with a principal place of business located at 11766 Wilshire Boulevard, Los Angeles, California 90025. See Business Entity Summary attached hereto as **Exhibit B**.

6. Defendant One Webster Apartments Property Owner LLC, is a foreign corporation organized under the laws of Delaware and registered to do business in the Commonwealth of Massachusetts with a principal place of business located at 11766 Wilshire

Boulevard, Los Angeles, California 90025. See Business Entity Summary attached hereto as **Exhibit C**.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over JRK pursuant to G. L. c. 223A, § 3.

8. Venue is appropriate in this Court pursuant to G. L. c. 223, § 8.

## FACTS

9. JRK, on behalf of its affiliated companies; One Webster Apartments Property Owner LLC, Tewksbury Apartments Property Owner LLC, Stevens Pond Apartments Property Owner LLC, Cabot Crossing Apartments Property Owner LLC, Royal Crest Apartments Property Owner LLC, and Essex Apartments Property Owner LLC, manages and operates at least 6 (six) residential apartment complexes in the Commonwealth of Massachusetts:

   a. Residences at Tewksbury Commons, 7 Archstone Ave., Tewksbury, MA 10876;
   b. Essex Apartment Homes, 1 Avalon Dr., Peabody, MA 01960;
   c. The Residence at Stevens Pond, 1 Founders Way, Saugus, MA 01906;
   d. One Webster Apartment Homes, 1 Webster Avenue, Chelsea, MA 02150;
   e. Royal Crest Estates, 37 Courtney Street, Fall River, MA 02720; and
   f. Cabot Crossing, 130 Bowden Street, Lowell, MA 01852.[1]

10. Based upon a review of the Essex County, Middlesex County, Bristol County and Suffolk County Registries of Deeds, as well as the Massachusetts Secretary of State's records, it is clear that JRK manages and / or owns the above-listed apartment complexes on behalf of the individual LLCs with which JRK has common ownership.

11. On information and belief, JRK regularly collects the rents and security deposits of the tenants of the above-listed properties in its capacity as property manager and / or owner of those properties.

---

[1] For the purposes of the instant action, references to "JRK" include its affiliated companies, including but not limited to those listed in paragraph 7 of the Complaint.

3

12. On August 17, 2017, Ms. Peebles and Brian Twomey entered into a one-year residential lease (the "Peebles Lease") agreement to rent an apartment at the Residence at Stevens Pond, located at 4723 Scotts Mill Court, Saugus, Massachusetts. See Lease attached hereto as **Exhibit D**.

13. Ms. Peebles was required to pay a $500.00 security deposit, which was paid prior to moving into the apartment.

14. An addendum attached to the Peebles Lease (the "Addendum"), entitled "Move Out Cleaning & Replacement Charges" was signed by all parties. See Addendum attached hereto as **Exhibit E**.

15. The Addendum to the Peebles Lease contains the following statement:

> **Resident is <u>required</u> to have the apartment professionally cleaned and carpet cleaned upon moveout. If the apartment is not returned to us in this condition <u>the following charges will be applied</u>.**

Id. (emphasis added).

16. The Addendum then lists the costs for basic cleaning and maintenance for instances of normal wear and tear such as "carpet clean," "touch-up paint," and "apartment clean." Id.

17. Upon information and belief, the Addendum which accompanies Ms. Peebles Lease is the same Addendum which JRK appends to all of its leases at all of the above-identified properties which JRK owns and or manages in the Commonwealth.

18. At the conclusion of the Lease's term, Ms. Peebles vacated the apartment on August 18, 2018.

19. On August 23, 2018, JRK sent a document entitled "Statement of Security Deposit" to Ms. Peebles. See Statement of Security Deposit attached hereto as **Exhibit F**.

4

20. The Statement of Security Deposit shows deductions taken from Ms. Peebles' security deposit monies under the category "New Charges." Id.

21. These deductions from Ms. Peebles' security deposit were $50.00 for "Touch-Up Paint" and $65.00 for "Carpet Clean per Lease," totaling $115.00 in deductions from Ms. Peebles' security deposit monies. Id.

22. On information and belief, JRK routinely retains its tenants' security deposit monies for instances of normal wear and tear such as "carpet cleaning," "touch-up painting," and "apartment cleaning," pursuant to the Addendum, for all of its tenants at all of its above-listed properties in the Commonwealth of Massachusetts.

23. On July 21, 2018, Mr. Berger and Tressa Ellis entered into one-year residential lease (the " Berger Lease") agreement to rent an apartment at One Webster Apartment Homes, located at 1 Webster Avenue, #302, Chelsea, Massachusetts.

24. Mr. Berger was required to pay a $1,000.00 security deposit, which was paid prior to moving into the apartment. See Rent and Security Deposit Receipt attached hereto as **Exhibit G**.

25. The same Addendum which accompanied the Peebles Lease was attached to the Berger Lease (the "Addendum"), entitled "Move Out Cleaning & Replacement Charges" and was signed by all parties. See Addendum attached hereto as **Exhibit H**.

26. The Addendum to the Berger Lease contains the following statement:

> **Resident is <u>required</u> to have the apartment professionally cleaned and carpet cleaned upon moveout. If the apartment is not returned to us in this condition <u>the following charges will be applied.</u>**

Id. (emphasis added).

5

27. JRK failed to return Mr. Berger's security deposit funds to him within the 30 days required by G.L. c. 186, § 15B(4).

28. On August 1, 2019, the Plaintiffs sent a demand letter pursuant to G. L. c. 93A, to JRK and its affiliated owners of the above-listed properties, highlighting JRK's violations of law and seeking relief for Ms. Peebles as well as the putative class of All Others Similarly Situated to which JRK responded but failed to make a reasonable offer of settlement. See Plaintiffs' 93A Demand Letter attached hereto as **Exhibit I**.

## CLAIMS

### COUNT I

**Violation of G. L. c. 186, § 15B(4)(iii)**

29. The Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 28.

30. General laws c. 186, § 15B(4), requires JRK to return the Plaintiffs' security deposit monies within thirty (30) days of the termination of the Plaintiffs' tenancy.

31. JRK is not entitled to deduct from the Plaintiffs' security deposit monies to remedy "reasonable wear and tear" pursuant to G. L. c. 186, § 15B(4)(iii).

32. JRK has violated G. L. c. 186, § 15B(4), by unlawfully retaining portions of, or the entirety of, the Plaintiffs' security deposits monies to remedy "reasonable wear and tear" resulting from the tenancy and failing to return those unlawfully withheld security deposit monies to the Plaintiffs within thirty (30) days of the termination of the Plaintiffs' tenancy.

33. The Plaintiffs' security deposit monies which JRK has unlawfully retained to remedy "reasonable wear and tear" are monies that the Plaintiffs were entitled to have returned

6

to them within thirty (30) days of the termination of their tenancies pursuant to G. L. c. 186, § 15B(4).

34. JRK's unlawful retention of the Plaintiffs' security deposit monies constitutes a violation of G. L. c. 186, § 15B(4), and has resulted in damages to the Plaintiffs in the form of lost security deposit monies and interest thereon.

35. Pursuant to the Addendum which, upon information and belief, JRK uses on all of its leases, JRK employs the practice of unlawfully retaining the Plaintiffs' security deposit monies to remedy "reasonable wear and tear" at all of the above-listed properties owned and or managed by JRK.

## COUNT II

### Violation of G. L. c. 186, § 15B(6)(e)

36. The Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 35.

37. General laws c. 186, § 15B(6)(e), mandates that JRK return the entirety of the Plaintiffs' security deposit if it fails to "return to the [Plaintiffs] the security deposit or balance thereof to which the tenant is entitled" . . . "within thirty days after the termination of the tenancy."

38. JRK is not entitled to deduct from the Plaintiffs' security deposit monies to remedy "reasonable wear and tear" pursuant to G. L. c. 186, § 15B(4)(iii).

39. The Plaintiffs' security deposit monies which JRK has unlawfully retained to remedy "reasonable wear and tear" are monies that the Plaintiffs were entitled to have returned to them within thirty (30) days of the termination of their tenancies pursuant to G. L. c. 186, § 15B(4).

7

40. JRK's unlawful retention of the Plaintiffs' security deposit monies to which the Plaintiffs were entitled constitutes a violation of G. L. c. 186, § 15B(6)(e), and has resulted in damages to the Plaintiffs in the form of lost security deposit monies and interest thereon.

41. The Plaintiffs are entitled to the to the return of the entirety of their security deposit monies pursuant to G. L. c. 186, § 15B(6), as a result of JRK's violation of G. L. c. 186, § 15B(4)(iii).

42. Pursuant to the Addendum which JRK uses on all of its leases, JRK employs the practice of unlawfully retaining the Plaintiffs' security deposit monies to remedy "reasonable wear and tear" and failing to return those security deposit monies that the Plaintiffs are entitled to within thirty (30) days of the termination of tenancy at all of the above-listed properties owned and or managed by JRK.

## COUNT III

### Violation of G. L. c. 186, § 15B(7)

43. The Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 42.

44. General laws c. 186, § 15B(7), requires JRK to pay to the Plaintiffs "three times the amount of" of the security deposit monies or "balance thereof" which JRK has unlawfully retained and failed to return to the Plaintiffs within thirty (30) days of termination of the tenancy in violation of G. L. c. 186, § 15B(6)(e).

45. JRK's unlawful retention of the Plaintiffs' security deposit monies to which the Plaintiffs were entitled constitutes a violation of G. L. c. 186, § 15B(6)(e), and has resulted in damages to the Plaintiffs in the form of lost security deposit monies and interest thereon.

46. The Plaintiffs are entitled to treble the amount of the security deposit monies unlawfully withheld by JRK in violation of G. L. c. 186, § 15B(6)(e), pursuant to G. L. c. 186, § 15B(7).

47. Pursuant to the Addendum which JRK uses on all of its leases, JRK employs the practice of unlawfully retaining the Plaintiffs' security deposit monies to remedy "reasonable wear and tear" and failing to return those security deposit monies that the Plaintiffs are entitled to within thirty (30) days of the termination of tenancy at all of the above-listed properties owned and or managed by JRK.

## COUNT IV

### Violation of G. L. c. 186, § 15B(6)(c)

48. The Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 47.

49. General laws c. 186, § 15B(6)(c) makes it unlawful for JRK to use:

> in any lease signed by the tenant any provision which conflicts with any provision of this section and attempts to enforce such provision or attempts to obtain from the tenant or prospective tenant a waiver of any provision of this section

Id.

50. The Addendum, which JRK uses on all of its leases, explicitly requires that a tenant agree to allow JRK to deduct from the tenants' security deposit monies to pay for "reasonable wear and tear" such as touch-up paint, apartment cleaning, and carpet cleaning.

51. This Addendum provision directly "conflicts" with the provisions of G. L. c. 186, § 15B(4), which bars JRK from deducting a tenants' security deposit monies for "reasonable wear and tear."

52. The Addendum's conflict with G. L. c. 186, § 15B(4), renders it in violation of G. L. c. 186, § 15B(6)(c).

9

53. The Plaintiffs are entitled to the return of the entirety of their security deposit monies pursuant to G. L. c. 186, § 15B(6), as a result of JRK's violation of G. L. c. 186, § 15B(6)(c).

54. Pursuant to the Addendum which JRK uses on all of its leases, JRK employs the practice of unlawfully retaining the Plaintiffs' security deposit monies to remedy "reasonable wear and tear" and failing to return those security deposit monies that the Plaintiffs are entitled to within thirty (30) days of the termination of tenancy at all of the above-listed properties owned and or managed by JRK.

## COUNT V

### Violation of G. L. c. 93A

55. The Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 54.

56. JRK is involved in the conduct of trade or commerce.

57. JRK's above-described violations of G. L. c. 186, § 15B, *et seq.* constitute "unfair or deceptive acts or practices" in the conduct of trade or commerce in violation of G. L. c. 93A, § 2.

58. Withholding the Plaintiffs' security deposit monies for "reasonable wear and tear" in violation of the law is an unfair or deceptive act or practice.

59. Requiring tenants to agree to the Addendum to the Lease which conflicts with the law is an unfair or deceptive act or practice.

60. The Attorney General's Regulations render JRK's violations of G. L. c. 186, §§ 15B(4)(iii), and (6)(e), failing to return the Plaintiffs' security deposit monies within thirty (30) days of tenancy, an unfair or deceptive act or practice. See 940 Code Mass. Regs. 3.17(4)(g).

61.     The Attorney General's Regulations render JRK's violations of G. L. c. 186, §§ 15B(6)(c), and (7), unfair or deceptive acts or practices. See 940 Code Mass. Regs. 3.17(4)(k).

62.     The Attorney General's Regulations render JRK's use of the Addendum, in violation of G. L. c. 186, § 15B(6)(c), an unfair or deceptive act or practice. See 940 Code Mass. Regs. 3.17(3)(a)(1).

63.     JRK was sent a statutorily compliant 93A demand letter on August 1, 2019, pursuant to G. L. c. 93A, § 9(3). See Ex. F.

64.     JRK's violations of G. L. c. 93A, *et seq.* are knowing and willful violations.

65.     As a result of JRK's unfair or deceptive acts or practices in the conduct of trade or commerce the Plaintiffs have suffered injuries in the form of lost security deposit monies and interest accrued thereon.

## REQUEST FOR RELIEF AND JURY DEMAND

WHEREFORE, the Plaintiffs Branda Peebles and All Others Similarly Situated hereby request the following relief from the Court:

1.      That JRK be ordered to return the entirety of the security deposit monies and interest accrued thereon it has taken from any tenant at any of the above-listed properties dating back to November 13, 2013, up until present as a remedy for JRK's violations of G. L. c. 186, §§ 15B(4)(iii),(6)(c), and (6)(e), trebled pursuant to JRK's knowing and willful violations of G. L. c. 93A;

2.      That JRK be ordered to return treble the amount of unlawfully withheld security deposit monies and interest accrued thereon it has retained from any tenant at any of the above-listed properties dating back to November 13, 2013, up until present as a remedy for JRK's violations of G. L. c. 186, §§ 15B(6)(e) and (7);

11

3.     That the Court orders JRK to cease and desist from using the unlawful Addendum to its Leases;

4.     That the Court orders JRK to cease and desist from violating G. L. c. 186, § 15B, *et seq*;

5.     Award Plaintiffs attorneys' fees;

6.     Award Plaintiffs costs;

7.     Award Plaintiffs such other relief that the Court deems just and proper.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL CLAIMS SO TRIABLE**

Branda Peebles and Joshua Berger,
Individually and on behalf of All Others
Similarly Situated,

By their attorneys,

_____
Keith L. Sachs (BBO# 634025)
Daniel S. Dullea (BBO# 670416)
DDSK Law
900 Cummings Center, Suite 210-U
Beverly, MA 01915

Dated: November 13, 2019

12