United States District Court
District of Massachusetts

| | |
|---|---|
| **Branda Peebles et al.** ) <br> ) <br> Plaintiffs. ) <br> ) <br> v. ) <br> ) <br> **JRK Property Holdings, Inc. et al.** ) <br> ) <br> Defendants. ) <br> ) | **Civil Action No.** <br> **23-10523-NMG** |

**MEMORANDUM & ORDER**

GORTON, J.

This case is interconnected with Massachusetts landlord-tenant law and specifically M.G.L. c. 186, § 15B, i.e., the propriety of a landlord charging tenants for certain cleaning and repair costs upon vacating a leased premises.

Pending before this Court are: 1) a motion for summary judgment of defendants, JKR Property Holdings, Inc., Stevens Pond Apartments Property Owner, LLC and One Webster Apartments Property Owner, LLC, 2) a motion for class certification and 3) a cross-motion for summary judgment of plaintiffs, Branda Peebles and Joshua Berger. For the following reasons, the Court will sua sponte certify a question of law to the Massachusetts Supreme Judicial Court ("SJC") and order this case stayed.

The SJC permits a federal court, including a federal district court, to certify a question of law to it when

> there are . . . questions of law of this [s]tate which 1) may be determinative of the cause then pending in the certifying court and 2) as to which it appears to the certifying court there is no controlling precedent in the decisions of this court.

Mass. S.J.C. R. 1:03; Easthampton Sav. Bank v. City of Springfield, 736 F.3d 46, 50 (1st Cir. 2013); see Bos. Gas Co. v. Century Indem. Co., 529 F.3d 8, 13 (1st Cir. 2008) (recognizing benefits of certification to the SJC if the Court is presented with novel, dispositive question of state law).

Here, after careful consideration of the parties' arguments and briefing, this Court concludes that it is necessary and appropriate to certify a question of law to the SJC. In their motions for summary judgment, the parties present a novel issue of state law that invokes the meaning of "reasonable wear and tear" under M.G.L. c. 186, §15B(4). A proper application of that statute will be dispositive of Counts I-IV of the complaint.

No current case law appears to control this issue because the SJC has yet to interpret the meaning of "reasonable wear and tear" within the scope of § 15B(4). Moreover, the two most analogous decisions from the Massachusetts Appeals Court reached conflicting results. Compare Goes v. Feldman, 391 N.E.2d 943, 945 (Mass. App. Ct. 1979) (stating that expenses for repairing stains on carpet and holes in walls that required spackling and repainting were reasonable wear and tear), with Dague v. Carroll

Realty Mgmt. Corp., 927 N.E.2d 530, 530 (Mass. App. Ct. 2010) (stating that expenses for having apartment professionally cleaned and repainted were not reasonable wear and tear). The Court will therefore certify the issue and stay the case.

### ORDER

For the foregoing reasons:

1) The motion for class certification of plaintiffs, Branda Peebles and Joshua Berger (Docket No. 18), the motion for summary judgment of defendant, JKR Property Holdings (Docket No. 23) and the cross-motion for summary judgment of plaintiffs (Docket No. 30) are all **DENIED** without prejudice.

2) The following questions will be certified to the Massachusetts Supreme Judicial Court ("SJC"):

   When a tenant vacates a premises at the end of a lease, under what circumstances, if any, does charging him for painting, carpet repair or similar refurbishment constitute a deduction for "reasonable wear and tear" in violation of M.G.L. c. 186, §15B(4)?

   Does inclusion of a provision in a lease requiring a tenant to have the premises professionally cleaned at the end of the lease or to bear the costs of later repairs constitute a violation of M.G.L. c. 186, §15B(4)?

3) The Clerk of Court will forward this memorandum and order to the SJC under the seal of this Court and provide any portion of the record that the SJC may require.

4) The case will be stayed (and the scheduled jury trial postponed) pending receipt of a decision from the SJC in accordance with this order.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: November 21, 2024