United States District Court
District of Massachusetts

|  |  |
|---|---|
| Branda Peebles, et al., )<br>)<br>Plaintiffs. )<br>)<br>v. )<br>)<br>JRK Property Holdings, Inc., et al., )<br>)<br>Defendants. )<br>) | Civil Action No.<br>23-10523-NMG |

MEMORANDUM & ORDER

GORTON, J.

Branda Peebles and Joshua Berger (collectively "plaintiffs") filed a complaint on behalf of themselves and all others similarly situated against JRK Property Holdings, Inc., Stevens Pond Apartments Property Owner, LLC and One Webster Apartments Property Owner, LLC (collectively "defendants"). Plaintiffs are both former residents of residential properties owned and managed by defendants.

The complaint challenges an addendum to their leases (the "Move-Out Addendum" or "the MOA"), which requires outgoing residents to have the apartment professionally cleaned and provides a list of charges that will be deducted from the tenant's security deposit should they fail to do so. Plaintiffs allege that defendants wrongfully deducted charges for reasonable wear and tear from their security deposits pursuant

- 1 -

to the Move-Out Addendum in violation of M. G.L. c. 186, §15B, entitling them to recovery under that statute as well as under M. G.L. c. 93A, §9.

In November, 2024, this Court certified two questions to the Massachusetts Supreme Judicial Court ("SJC"):

(1) When a tenant vacates a premises at the end of a lease, under what circumstances, if any, does charging him for painting, carpet repair or similar refurbishment constitute a deduction for "reasonable wear and tear" in violation of M.G.L. c. 186, §15B(4)?

(2) Does inclusion of a provision in a lease requiring a tenant to have the premises professionally cleaned at the end of the lease or to bear the costs of later repairs constitute a violation of M.G.L. c. 186, §15B(4)?

In August, 2025, the SJC responded to the certified questions that (1) the MOA violated §15B(4) because it allowed for deductions from the security deposit for repairs regardless of whether the damage is reasonable wear and tear, and (2) reasonable wear and tear is a fact-specific inquiry without a brightline rule.

In September, 2025, the parties renewed their motions for summary judgment and plaintiff renewed its motion for class certification.

I. **Facts**

Peebles is a former resident of Stevens Pond. She rented a unit therein from August, 2017, through August, 2018. She provided a $500 security deposit at the beginning of her

tenancy. Peebles did not attend the walkthrough conducted by Stevens Pond staff after she moved out. The staff determined that there was damage to the apartment beyond reasonable wear and tear. Defendants incurred costs of $255 to repair the damage and charged Peebles' security deposit $50 for touch-up paint and $65 for carpet cleaning.

Berger is a former resident of One Webster. He rented a unit therein from July, 2018, to August, 2019. Berger provided a $1,000 security deposit at the beginning of his tenancy. When he moved out he requested and attended a walkthrough of his unit, during which staff determined there was no damage beyond reasonable wear and tear. As such, the only deduction from the security deposit was for an unpaid utility bill.

## II. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists when the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23, 106 S. Ct. 2548.

When facing cross-motions for summary judgment, the court must rule on each motion independently and decide whether either moving party has met its burden under Rule 56. Landino v. Massachusetts Tchrs. Ass'n, 621 F. Supp. 3d 185, 189 (D. Mass. 2022).

- 4 -

## III. Analysis

The motions for summary judgment, as briefed by the parties, turn on whether defendants enforced or attempted to enforce the MOA or otherwise attempted to obtain a waiver of plaintiffs' rights such that defendants forfeited their right to retain any amount of the security deposit pursuant to M. G.L. c. 186, §15B(6)(c).[1] That statute provides, in relevant part,

> The lessor shall forfeit his right to retain any portion of the security deposit for any reason, or, in any action by a tenant to recover a security deposit, to counterclaim for any damage to the premises if he. . . uses in any lease signed by the tenant any provision which conflicts with any provision of this section and attempts to enforce such provision or attempts to obtain from the tenant or prospective tenant a waiver of any provision of this section.

Plaintiffs contend that defendants attempted to enforce the MOA or obtain waiver by attaching the MOA to its standard form lease, requiring plaintiffs to execute both the lease and the MOA and making deductions to Peebles' security deposit for touch-up paint and carpet cleaning. Defendants respond that the mere inclusion of the MOA in the lease does not constitute an attempt to enforce it and that the deductions to Peebles'

---

[1] Plaintiffs did not address their argument that the damage to Peebles' apartment was not in excess of reasonable wear and tear, nor did they address their assertion that Berger's security deposit was not returned within the statutorily required 30-day period. The Court will, therefore, find those claims to be waived. See Montany v. Univ. of New England, 858 F.3d 34, 41 (1st Cir. 2017).

security deposit were for damage beyond reasonable wear and tear.

The Court agrees with defendants. By its plain meaning and terms, the statute is conjunctive, i.e. the defendant must use <u>and</u> attempt to enforce the violating provision. If mere inclusion of the offending provision was sufficient, the second half of the statute would be superfluous. See <u>Ropes & Gray LLP v. Jalbert</u>, 910 N.E. 2d 330, 412 (Mass. 2009). The Court declines to adopt such an interpretation. If there is no evidence of enforcement, there is no evidence of a violation.

Plaintiffs' assertion that defendants enforced or attempted to enforce the MOA by making deductions from Peebles' security deposit also fails because the record clearly shows that the deductions from Peebles' deposit were for amounts less than the penalty provision in the MOA and explicitly differentiated between what was reasonable wear and tear and what wasn't. Indeed, Peebles herself admitted that such charges were for damage beyond reasonable wear and tear and, as noted earlier, plaintiffs abandoned that claim on summary judgment.

Plaintiffs have failed to show that defendants attempted to enforce the MOA and thus defendants have not forfeited their right to retain portions of the security deposit for otherwise lawful reasons.

**ORDER**

For the foregoing reasons, defendants' Motion for Summary Judgment (Docket No. 47) is **ALLOWED,** and plaintiffs' Motion for Summary Judgment (Docket No. 52) and Motion for Class Certification (Docket No. 49) are **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge


Dated:  November 25, 2025